

Laura E. Kogan
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial: 216.363.4518
Fax: 216.363.4588
lkogan@beneschlaw.com

April 7, 2022

**VIA ELECTRONIC FILING**

The Honorable Peggy Kuo, Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

    Re:    *Bell v. CVS Pharmacy, Inc.*
             Case No.: 1:21-cv-06850-MKB-PK
             Letter Motion Seeking Adjournment of Scheduling Conference and Related Deadlines *Sine Die*

Dear Judge Kuo:

        On behalf of Defendant CVS Pharmacy, Inc. ("CVS"), we write to request that the Initial Conference and related deadlines be adjourned *sine die*, pending the outcome of CVS's anticipated Motion for Judgment on the Pleadings. On April 7, 2022, CVS filed before Judge Brodie a *Request for Pre-Motion Conference re: Motion for Judgment on the Pleadings* (the "Letter"). (*See* Dkt. 26.) As detailed therein, CVS contends judgment should be entered for CVS on each of Plaintiff's claims, which dismissal would moot any need for discovery—particularly class discovery.

        At present, the deadline to file the Proposed Discovery Plan is May 2, 2022. (*See* Docket at March 25, 2022.) The Initial Conference is scheduled for May 9, 2022. (*Id*.) Should CVS be permitted leave to file its Motion for Judgment on the Pleadings, the Court's ruling on the adequacy of the claims could moot any need to conduct discovery and set additional case deadlines. At a minimum, it could impact the scope of discovery required and the case schedule. The requested adjournment of the above deadlines would promote efficiency and conserve the parties' resources on the next steps. *See, e.g.*, *Nieves v. Just Energy New York Corp*., No. 17-CV-561S, 2020 WL 6720871, at *4 (W.D.N.Y. Nov. 16, 2020) (noting "it would be wasteful for the parties to engage in extensive discovery prior to a ruling on a motion to dismiss" and holding "if the motion to dismiss is granted, then discovery would not occur. If that motion to dismiss is denied, however, this Court would refer the case to the Magistrate Judge to issue a scheduling Order (after the parties conduct a Rule 26(f) conference . . . .") (internal quotations and citation omitted); *cf. Evenes v. Lowe's Home Centers, LLC*, No. 21-cv-05068-MKB-PK (Order of Judge Kuo Dated Nov. 1, 2021) (adjourning initial conference *sine die* pending forthcoming motion to remand).

        CVS thus respectfully requests that the Initial Conference and related deadlines be adjourned *sine die*, to be reset following a ruling on CVS's anticipated Motion for Judgment on the Pleadings (to the extent the Motion is denied). Counsel for CVS approached Plaintiff's counsel

regarding consent to this request for extension and adjournment and did not receive such consent. This request is being made at least two (2) business days before the scheduled Initial Conference. This is CVS's third request for adjournment, though its first request to adjourn pending its anticipated Motion for Judgment on the Pleadings. This request for an adjournment is made in good faith and with no intention of delay.

    We thank the Court for its time and attention.

                  Sincerely,

                  BENESCH, FRIEDLANDER,
                    COPLAN & ARONOFF LLP

                  *Laura E. Kogan*

                  Laura E. Kogan