

Laura E. Kogan  
200 Public Square, Suite 2300  
Cleveland, Ohio 44114-2378  
Direct Dial:  216.363.4518  
Fax:  216.363.4588  
lkogan@beneschlaw.com

May 26, 2022

**VIA ELECTRONIC FILING**
The Honorable Judge Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

    Re:    *Bell v. CVS Pharmacy, Inc.,* Case No.: 1:21-cv-06850-HG-PK
            <u>Letter to the Court Re: Filing of Defendant CVS Pharmacy, Inc.'s Motion for Judgment on the Pleadings</u>

Dear Judge Gonzalez:

    The purpose of this letter is to explain the filing of Defendant CVS Pharmacy, Inc.'s ("CVS") 12(c) Motion for Judgment on the Pleadings (the "Motion") on the docket. On May 25, 2022, this case was reassigned to Your Honor from the docket of the Honorable Judge Margo K. Brodie. Before reassignment, CVS and Plaintiff (collectively, the "Parties") submitted a stipulated briefing schedule (Doc. 30) regarding CVS's Motion, which was accepted and ordered by Judge Brodie on April 15, 2022.

    Under Judge Brodie's Individual Practices and Rules, the Parties were mandated not to file any moving papers on the docket until CVS's Motion was fully briefed. Thus, according to the briefing schedule and Judge Brodie's preferences, CVS was to serve Plaintiff with moving papers on May 18, 2022, and to file only the Cover Letter accompanying those served moving papers on the docket. Accordingly, CVS served its moving papers on Plaintiff's counsel on May 18, 2022, and Plaintiff's counsel confirmed receipt via email.

    Now, upon reassignment, in order to adhere to Your Honor's Individual Practices, CVS is filing its Motion on the docket. The only change CVS has made to the moving papers being filed on the docket is the name of the Judge before which this case is now proceeding. Additionally, pursuant to Your Honor's Individual Rules, CVS has noted in its Notice of Motion "Oral Argument Requested," and specified that the attorney who will argue the Motion meets the criteria described in Section II.B, which Judge Brodie's Individual Practice and Rules did not previously mandate. There have been no substantive changes to any of the moving papers associated with CVS's Motion, which will be filed on the docket without delay.

    Should the Court have any questions, I am available at your convenience.

Sincerely,

BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP

*Laura E. Kogan*

Laura E. Kogan

15730456 v1