

Laura E. Kogan
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Direct Dial:  216.363.4518
Fax:  216.363.4588
lkogan@beneschlaw.com

June 23, 2023

**VIA ELECTRONIC FILING**
The Honorable Peggy Kuo, Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

    Re:    *Bell v. CVS Pharmacy, Inc.*
             Case No.: 1:21-cv-06850-PK

Dear Judge Kuo:

    The Parties jointly write further to this Court's June 14, 2023 Order to provide supplemental information concerning specifically the ability of Settlement Class Members with ExtraCare accounts to retrieve historical purchase information.

    CVS has confirmed that Settlement Class Members with a CVS.com login have the ability to sign into their accounts online and identify historical purchase information for online purchases dating back for a period of 18 months.  CVS customer service also has the ability to answer specific questions relating to shopping history, with an ExtraCare account number, dating back 18 months.  Finally, CVS retains certain internal capabilities outside of customer service channels to, using the Settlement Class Member's ExtraCare account number, to lookup purchase history associated with that account number dating back through the entirety of the Class Period.

    The Parties have conferred further, and have agreed to include an FAQ section on the Settlement Website to explain to Settlement Class Members their ability to obtain certain historical purchase information from their CVS.com accounts and to direct Settlement Class Members to contact the Settlement Administrator (through the website or email) if they have any questions.  Should Settlement Class Members have questions specifically concerning their ExtraCare account and historical purchase data, those questions can then be properly directed through CVS's counsel so that CVS, through customer service or other appropriate internal channels, can help identify certain historical purchase data.

    The Parties also note that "Proof of Purchase" in the Settlement has been broadly defined.  The Parties intend to accept as satisfactory Proof of Purchase paper and electronic receipts as well as a printout of a purchase history, or similar proof reasonably establishing the fact and date of purchase of the Product(s) at issue.

Sincerely,

BENESCH, FRIEDLANDER
COPLAN & ARONOFF LLP

Laura E. Kogan